UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD WILLIAMS,

    Petitioner,

v.

WARDEN,

    Respondent.

CAUSE NO. 3:19-CV-990 DRL-MGG

## OPINION AND ORDER

Ronald Williams, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2013 murder conviction in Allen County under cause number 02D06-1304-MR-00004. After review, the court now denies his petition.

## BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct, unless Mr. Williams rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals set forth the facts underlying Mr. Williams's conviction as follows:

> On March 14, 2013, Williams and some of his friends went to an Allen County social club, where they were searched for weapons before they could enter. After the club closed, Williams drove some friends home. In the car were Carolyn Bolden, Trisha VanCamp, Dexter King, Quintella Payne, and Mark Young. Williams first dropped Payne and King at their home. Williams asked who wanted to be dropped off next. Young replied that he wanted to be taken to Eden Green. Williams stated that he did not want to drive there because it was 3:00 a.m. and there were police in the area. Williams and Young got into an argument, which escalated as to which one of them had more "street credit." Williams stopped the car in front of a house and entered it. Upon his return, Williams had his hand in

> his pocket and drove off. Young stated that he was not scared and that he could shoot Williams in the back of the head. VanCamp reminded Williams that he knew that Young did not have a gun. Williams continued to argue with Young and took a handgun out of his pocket. Williams stopped the car, and Bolden escaped and began to run. Williams and Young stepped out of the car and continued to argue. Williams pointed the gun at Young's chin and chest area. VanCamp exited the car and began to run. As she was running, she heard "five, six, seven" shots. Bolden heard "more than three or four" shots.
>
> Arturo Cruz lived near where Williams had stopped the car. Cruz noticed two men near the car and saw one shoot the other. After the victim fell to the ground, the shooter continued to shoot him. The shooter then drove away. Cruz called the police. When police arrived they found Young lying in the road with multiple gunshot wounds, from which he died. The autopsy showed that Young suffered from a wound behind his left ear, a wound to his right ear, a wound to his lower abdomen, a wound to his left groin, and wounds to his right and left legs.

*Williams v. State*, 16 N.E.3d 1042 (Table), 2014 WL 3765756, 1 (Ind. Ct. App. July 13, 2014) (internal citations omitted). The state subsequently charged Mr. Williams with murder, and a jury found him guilty as charged. *Id.* He was sentenced to 65 years in prison. *Id.*

On direct appeal, he challenged the sufficiency of the evidence and argued that the trial court erred under state law in imposing his sentence. *Id.* at 2-3. The Indiana Court of Appeals rejected these arguments and affirmed his conviction and sentence in all respects. *Id.* at 3. He sought transfer to the Indiana Supreme Court raising the same two claims. (ECF 18-6.) The petition was denied without comment. *Williams v. Indiana*, 18 N.E.3d 289 (Ind. 2014).

In March 2015, he filed a state post-conviction petition. (ECF 18-7.) Following an evidentiary hearing, the trial court denied the petition. (*Id.* at 3.) On appeal, Mr. Williams argued that his trial counsel was ineffective in discouraging him from testifying, failing

to investigate a potential witness, and failing to object to the admission of certain evidence. *Williams v. State*, 126 N.E.3d 67 (Table), 2019 WL 2220422, 2-4 (Ind. Ct. App. May 23, 2019). The Indiana Court of Appeals found no merit to these arguments and affirmed the denial of post-conviction relief. *Id.* He did not seek review in the Indiana Supreme Court. (ECF 1 at 2.)

He then filed this federal habeas petition raising the following claims: (1) there was insufficient evidence to support his conviction; (2) his sentence was "[i]nappropriate;" (3) his counsel on direct appeal was ineffective in failing to raise a claim of ineffective assistance of trial counsel; and (4) his trial counsel was ineffective on various grounds. (ECF 1 at 4-5.)

## ANALYSIS

Mr. Williams's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows a district court to issue a writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is "difficult to meet" and "highly deferential." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Hoglund*, 959 F.3d at 832 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In effect, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

A. *Claim One – Insufficiency of Evidence.*

In claim one, Mr. Williams asserts that the evidence was insufficient to support his conviction. (ECF 1 at 3.) Under the Due Process Clause of the Fourteenth Amendment, a defendant cannot be convicted unless the state proves all the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship*, 397 U.S. 358, 364 (1970). When considering a sufficiency of the evidence claim in a federal habeas petition, the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The court's role is limited, and it is not permitted to reweigh the evidence or substitute its judgment for that of the factfinder. *Id.*; *Ford v. Ahitow*, 104 F.3d

4

926, 938 (7th Cir. 1997). Additionally, the court must presume the facts set forth by the state courts are correct unless Mr. Williams rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under Indiana law, a person commits murder when he or she "knowingly or intentionally kills another human being." Ind. Code § 35–42–1–1(1). In rejecting Mr. Williams's claim that there was insufficient evidence to support his murder conviction, the Indiana Court of Appeals found as follows:

> VanCamp and Bolden testified that Williams was involved in a heated argument with Young and that Williams brandished a gun. VanCamp stated that she saw Williams point the gun at Young's chin and chest before she ran. As she was running, VanCamp heard "five, six, seven" shots. Bolden also heard "more than three or four" shots. Cruz testified that he saw two men near a car and saw one man shoot the other multiple times, enter the car, and drive away.

*Williams*, 2014 WL 3765756 at 2 (internal alterations omitted). The court found this evidence "more than sufficient" to support Mr. Williams's murder conviction.[1] *Id.*

Mr. Williams does not clearly explain why he believes the evidence was insufficient to support his conviction, other than to suggest generally that the testimony of eyewitnesses "contradicts" the autopsy findings. (ECF 1 at 3.) This court has reviewed the testimony of the pathologist who conducted Mr. Young's autopsy, Dr. Shruti Shukla, and finds no apparent conflict with the facts as determined by the Indiana Court of

---

[1] In resolving this claim, the Indiana Court of Appeals applied a standard consistent with *Jackson*, which it articulated as follows: "[W]e look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Williams*, 2014 WL 3765756 at 2. Under AEDPA, a state court need not cite to or even be aware of applicable Supreme Court case law, "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

5

Appeals. Instead, Dr. Shukla's testimony reflects that Mr. Young suffered multiple gunshot wounds and died of his injuries. (Trial Tr. at 338-352.)

To the extent Mr. Williams is asking this court to reweigh the evidence to make its own determination of guilt or innocence, the court is not permitted to do so; instead, the court must consider the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Ford*, 104 F.3d at 939. Viewed in that light, there was ample evidence from which a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The state court's resolution of this claim was not objectively unreasonable, so this claim is denied.

    B.    *Claim Two – Inappropriate Sentence*.

In claim two, Mr. Williams argues that he received an "[i]nappropriate sentence . . . in light of the nature of the offense and character of the Petitioner." (ECF 1 at 3.) He does not clearly articulate the source of law underlying this claim, but it seems he is relying on Indiana law. *See* Ind. App. R. 7(B) (providing that appellate court may revise a sentence on appeal if it finds "that the sentence is inappropriate in light of the nature of the offense and the character of the offender"). Indeed, the claim he raised in state court challenging his sentence was framed entirely in terms of state law. (ECF 18-3 at 18-21.) That is how the Indiana Court of Appeals analyzed the claim. *See Williams*, 2014 WL 3765756 at 2-3. A claim that the trial court erred under state law in imposing his sentence is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This claim two does not entitle him to habeas relief.

C. *Claim Three – Ineffective Assistance on Direct Appeal.*

In claim three, Mr. Williams argues that his counsel on direct appeal was ineffective in failing to raise a claim based on the failings of his trial counsel. (ECF 1 at 4.) The respondent argues that this claim is procedurally defaulted. (ECF 18 at 8.)

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund*, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground, or when the claim was not presented to the state courts and the time for doing so has passed. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). A federal court may consider a defaulted claim only if the petitioner establishes both "cause" to excuse his default and "actual prejudice resulting from the alleged constitutional violation." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (citation and internal quotation marks omitted). "Cause is an objective factor external to

the defense that impeded the presentation of the claim to the state courts," and only applies to factors that "cannot fairly be attributed to the prisoner." *Id.* (citation and internal quotation marks omitted).

A review of the record reveals that Mr. Williams did not include this claim in his post-conviction appeal, and he acknowledges as much in his petition. (ECF 1 at 4.) He suggests, however, that the default should be excused because it was caused by the failings of his post-conviction counsel. (*Id.*) Attorney error rising to the level of ineffective assistance of counsel can be sufficient to excuse a procedural default. *Davila*, 137 S. Ct. at 2065. However, the record reflects that the default occurred at a time when Mr. Williams was representing himself. Although Mr. Williams had counsel during the post-conviction hearing in the trial court, he proceeded without counsel on appeal. (*See* ECF 18-9.) He did not include this claim in his *pro se* appellate brief to the Indiana Court of Appeals, nor did he seek review in the Indiana Supreme Court. His own failure to present these arguments in one complete round of state review cannot be considered a factor "external to the defense" that would excuse his default. *Crutchfield*, 910 F.3d at 973.

Additionally, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). The record reflects that Mr. Williams raised a cursory argument with the Indiana Court of Appeals that his post-conviction counsel was ineffective (ECF 18-9), but he did not present this claim to the Indiana Supreme Court. The time for doing so has long since

passed, and he is therefore "fully defaulted" as to this claim. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). The court does not reach claim three on the merits.

      D.      *Claim Four – Ineffective Assistance from Trial Counsel.*

In claim four, Mr. Williams asserts that his trial counsel was ineffective on various grounds. (ECF 1 at 4.) The respondent argues that this claim is also procedurally defaulted. (ECF 18 at 9.) The record reflects that Mr. Williams presented a claim of ineffective assistance of trial counsel to the Indiana Court of Appeals on post-conviction review, but he did not file a petition to transfer to the Indiana Supreme Court. His failure to present this claim to the Indiana Supreme Court means that it is procedurally defaulted. *Baldwin*, 541 U.S. at 30-31; *Boerckel*, 526 U.S. at 845.

Mr. Williams again suggests that the failing was caused by his post-conviction counsel; but, as outlined above, the default occurred at a stage when Mr. Williams was representing himself. Additionally, as noted, he did not assert a claim of ineffective assistance of post-conviction counsel in the state proceedings, so such a claim cannot be used to excuse his procedural default in this proceeding. *Edwards*, 529 U.S. at 451-52; *Dellinger*, 301 F.3d at 767. Therefore, the court does not reach this claim on the merits.

      E.      *Stay.*

Mr. Williams did not file a traverse in support of his petition, despite being given four extensions of time and a total of nearly nine months to do so. The court granted him a final extension until April 1, 2021, to file a traverse, but warned him that no further extensions would be granted. That deadline has passed and no traverse was filed; instead, Mr. Williams filed a two-page motion asking for a stay of the case "until such time [as]

9

the lower court(s) have had the opportunity to hear the pertinent issues." (ECF 28.) He does not identify what "pertinent issues" he is referring to, nor does he explain what proceedings (if any) remain pending in the state courts. As outlined above, Mr. Williams already pursued a direct appeal and a post-conviction petition. To the extent he is attempting to invoke the stay-and-abeyance procedure outlined in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), that procedure applies to unexhausted claims. The respondent does not argue that any of Mr. Williams's claims are unexhausted. Rather, the respondent argues—and the court agrees—that his claims are without merit under AEDPA, not cognizable on federal habeas review, or procedurally defaulted. There is no indication that a stay under *Rhines* would allow him to remedy these problems. Therefore, the court will not grant him a stay.

      F.    *Certificate of Appealability*.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Williams's claims are procedurally defaulted, not cognizable in this proceeding, or otherwise without merit under AEDPA standards. The court finds no

basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Williams to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

## CONCLUSION

For these reasons, the court DENIES the motion for a stay (ECF 28), the petition (ECF 1), and a certificate of appealability, and DIRECTS the clerk to close this case.

SO ORDERED.

April 12, 2021 *s/ Damon R. Leichty*
Judge, United States District Court